# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-07-351 |
| | § | |
| DIANNE WINZER and | § | |
| ERIC AMOAKO | § | |

## **MEMORANDUM AND ORDER**

This criminal case is before the Court on Defendant Dianne Winzer's Motion to Reconsider the Court's Ruling on an Appellate Bond [Doc. # 272] and Defendant Eric Amoako's Motion for Bond Pending Appeal [Doc. # 273]. Having carefully considered the record in this case and having applied the governing legal authorities, the Court **denies** both Motions.

There is no constitutional right for a defendant to be released on bond after being convicted and sentenced for an offense. *See United States v. Williams,* 822 F.2d 512, 517 (5th Cir. 1987) (citing *United States v. Bright*, 541 F.2d 471, 477 (5th Cir. 1976), *cert. denied*, 430 U.S. 935 (1977)). Under federal law, there is a presumption against granting a defendant bail after conviction and sentencing. *See id.*; 18 U.S.C. § 3143(b). To obtain bail pending appeal, the convicted defendant must prove by clear and convincing evidence each of the following four factors: "(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the

community if released; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *United States v. Valera-Elizondo,* 761 F.2d 1020, 1025 (5th Cir. 1985); *see also Williams*, 822 F.2d at 517. A question of law or fact is "substantial" if it raises a substantial doubt and could "very well be decided the other way" by the Court of Appeals. *See United States v. Clark*, 917 F.2d 177, 180 (5th Cir. 1990).

Regarding the first two factors, the Court finds that there is little likelihood that Winzer or Amoako will flee or pose a danger to the community if released during appeal, and finds that neither Defendant is pursuing an appeal solely for the purpose of delay.

Regarding the last two factors, however, the Court finds that neither Defendant has shown by clear and convincing evidence that there are substantial issues on appeal that are likely to result in the convictions being overturned or reversed.[1] Winzer identifies several sentencing issues, and challenges the Court's denial of her motion

---

[1] Both Defendants note that the Court granted bond pending appeal for co-defendant Deandrea Wade. The Court granted Wade's motion primarily because the United States did not oppose the motion. The Court's decision to grant bond pending appeal to Wade in the absence of any opposition from the United States does not provide a basis for bond pending appeal for any other defendant.

for severance.  The Court finds that these are not substantial issues and are not likely to result in a reversal of her conviction or sentence.  Defendant Amoako identifies no issues for appeal.[2]

Based on the foregoing, the Court finds that Defendants Winzer and Amoako have not identified substantial issues on appeal that are likely to result in reversal of their convictions or a reduction in their sentence.  Accordingly, it is hereby

**ORDERED** that Winzer's Motion to Reconsider the Court's Ruling on an Appellate Bond [Doc. # 272] and Amoako's Motion for Bond Pending Appeal [Doc. # 273] are **DENIED**.

SIGNED at Houston, Texas, this **15th** day of **January, 2009**.

_____
Nancy F. Atlas
United States District Judge

---

[2] Amoako is not represented on appeal by trial counsel.  Consequently, if appropriate, he may reurge his request for bond pending appeal after appellate counsel obtains and reviews the trial and sentencing transcripts.